UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARVIN ASHLEY, et al.,<br><br>   Plaintiffs,<br><br>   vs.<br><br>McKESSON CORPORATION,<br>a corporation, et al.,<br><br>   Defendants. | Case No: C 13-03173 SBA<br><br>**ORDER**<br><br>Docket 13, 17, 25 |

The parties are presently before the Court on Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline's ("GSK") Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation ("JPML") to MDL 1871. Dkt. 13. Also before the Court is Plaintiffs' Motion to Remand to State Court. Dkt. 17.[1] Having read and considered the papers filed in connection with these matters, and being fully informed, the Court hereby GRANTS GSK's motion to stay, and DENIES Plaintiffs' motion to remand without prejudice. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **BACKGROUND**

On June 27, 2013, Plaintiffs commenced the instant products liability action in the Superior Court of California, County of San Francisco, alleging that they sustained personal injuries arising from the use of Avandia®, a prescription diabetes medication. See Compl.,

---

[1] Plaintiffs have filed a motion for leave to file a sur-reply and to file a statement of recent decision. Dkt. 25. Having reviewed the papers filed in connection with this matter, the Court hereby GRANTS Plaintiffs' motion.

1  Dkt. 1.  GSK timely removed the action to this Court based on diversity jurisdiction,
2  asserting that Plaintiffs fraudulently joined McKesson Corporation ("McKesson"), a non-
3  diverse party.  See Notice of Removal, Dkt. 1.  GSK also removed the action to this Court
4  under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Id.
5       A Multidistrict Litigation proceeding ("MDL") has been established in the Eastern
6  District of Pennsylvania, entitled In re Avandia® Marketing, Sales Practices, and Products
7  Liability Litigation (MDL-1871), to coordinate all product liability cases involving
8  Avandia®.  Dkt. 13.  GSK asserts that it will request that the JPML transfer this case to the
9  Avandia® MDL and now moves to stay the action pending transfer.  Id.  Plaintiffs oppose
10 the motion to stay and have filed a motion to remand the action to state court.  Dkt. 17, 18.

11 **II.    DISCUSSION**

12      Federal district courts have the power to stay ongoing proceedings "incidental to the
13 power inherent in every court to control the disposition of the causes on its docket with
14 economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co.,
15 299 U.S. 248, 254 (1936).  In determining whether a stay is warranted pending transfer by
16 the JPML, courts consider the following factors: "(1) potential prejudice to the non-moving
17 party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the
18 judicial resources that would be saved by avoiding duplicative litigation if the cases are in
19 fact consolidated."  Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, *2 (N.D. Cal.
20 July 25, 2012).

21      Balancing the salient factors set forth above, the Court finds that a stay is warranted.
22 As a threshold matter, Plaintiffs will suffer minimal prejudice.  The JPML conducted a
23 hearing on September 26, 2013 on whether this case and other cases should be transferred
24 to the Avandia® MDL.  See Aaron v. McKesson Corporation, 2013 WL 5401887, at *1
25 (N.D. Cal. Sep. 26, 2013).  In the event the JPML declines to transfer this action, Plaintiffs
26 may renew their motion to remand in this Court.  Alternatively, if the JPML transfers the
27 case, Plaintiffs will have the opportunity to present their motion to remand in the Avandia®
28 MDL.

As to the remaining considerations germane to a stay request, the Court finds that, staying the action will avoid inequity and hardship to GSK, while simultaneously promoting judicial economy. The matter of McKesson's allegedly fraudulent joinder is common to other cases in the Avandia® MDL. Permitting that Court to resolve the issue of fraudulent joinder globally, as opposed to adjudicating the issue prior to transfer, promotes judicial consistency and avoids conflicting judgments. See <u>Tucker v. Organon</u>, 2013 WL 2255884, at *2 (N.D. Cal. May 22, 2013) (granting motion to stay pending transfer to MDL products liability proceedings and denying motion to remand without prejudice).[2]

## III. <u>CONCLUSION</u>

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The above-captioned action is STAYED until the JPML resolves the matter of whether this action should be transferred to the Avandia® MDL. The parties shall inform the Court within seven (7) days from the date the transfer issue is resolved.

2. Plaintiffs' motion to remand is DENIED without prejudice to renewal in the event the action is not transferred to the Avandia® MDL.

3. All pending docket matters shall be terminated.

IT IS SO ORDERED.

Dated: 10/1/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] The Court's ruling is consistent with the decisions of other judges of this Court. See <u>Brock v. McKesson Corp.</u>, No. C 13-3149 SI (N.D. Cal. Aug. 16, 2013) (Ilston, J.); <u>Parks v. McKesson Corp.</u>, No. C 13-3162 SC (N.D. Cal. Aug. 16, 2013) (Conti, J.); <u>Ackerman v. McKesson Corp.</u>, No. C 13-3049 MMC (N.D. Cal. Aug. 12, 2013) (Chesney, J.); <u>Butler v. McKesson Corp.</u>, No. C 13-3154 JW (N.D. Cal. Aug. 12, 2013) (White, J.); <u>West v. McKesson Corp.</u>, No. C 13-3109 PJH (N.D. Cal. Aug. 12, 2013) (Hamilton, J.); <u>Flores v. McKesson Corp.</u>, No. C 13-3153 JST (N.D. Cal. Aug. 2, 2013) (Tigar, J.); <u>Alvarez v. McKesson Corp.</u>, No. C 13-3112 TEH (N.D. Cal. July 24, 2013) (Henderson, J.); but see <u>Hermosillo v. McKesson Corp.</u>, No. C 13-3169 WHA (N.D. Cal. Aug. 14, 2013) (Alsup, J.).